examined the plea, but find it to be wholly without merit.

For the reasons assigned, the judgment appealed from is affirmed; appellant to pay the costs.

---

(105 So. 300)

No. 26708.

## WALDER v. WALDER.

(June 22, 1925.   Rehearing Denied July 13, 1925.)

(Syllabus by Editorial Staff.)

1. **Guardian and ward ☞10—Tutorship; prior to enactment of 1924, neither father nor mother could qualify as tutor to their children.**

Prior to Acts Nos. 72 and 196 of 1924, neither father nor mother could qualify as tutor to their children, where both were alive, notwithstanding divorce from each other.

2. **Parent and child ☞3(3)—Petition to annul judgment relieving father of support of children held to state cause of action, notwithstanding mother improperly sued as natural tutrix.**

Petition by mother, individually and as natural tutrix, to annul judgment relieving husband of support of children, will not be held to state no cause of action, because she could not have qualified as natural tutrix, where petition clearly showed that she sued merely as legal custodian of minors for their benefit.

3. **Parent and child ☞3(3)—That, as to minors, decree relieving divorced husband of obligation to support them was void held not to preclude wife from suing to annul it in direct suit.**

That, as to minors, decree relieving divorced husband of obligation to support them was void, held not to preclude divorced wife from suing to annul it in a direct suit.

4. **Parent and child ☞3(3)—Decree relieving husband of obligation to support minor children held void, as contrary to public policy, whether or not children were parties to decree.**

Decree relieving divorced husband of all legal obligation to support his minor children held void, as contrary to public policy, whether or not children were parties to decree.

5. **Parent and child ☞3(1)—Father cannot escape from continuing obligation to support his minor children.**

Father cannot escape from continuing obligation to support his minor children.

6. **Appeal and error ☞1117—Supreme Court held powerless to allow mother alimony for children, in absence of prayer for such relief.**

In a suit by a divorced wife to annul a decree in a partition proceeding, in so far as it relieved defendant husband of obligation to support his minor children, Supreme Court held powerless to allow mother alimony for children, in absence of prayer for such relief.

7. **Appeal and error ☞878(6)—Party not appealing not entitled to amendment of judgment, in absence of filing an answer to appeal.**

Party who does not file an answer to appeal by other party is not entitled to an amendment of the judgment.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; J. A. Williams, Judge.

Suit by Mrs. S. K. Walder, as the custodian of her minor children, against Gus Walder. Judgment for plaintiff, and defendant appeals. Affirmed.

Jules B. Nachman, of Alexandria, for appellant.

T. F. Hunter, of Alexandria (Weiss, Yarrut & Stich, of New Orleans, of counsel), for appellee.

OVERTON, J.   Plaintiff sued her husband, Gus Walder, the defendant herein, for a separation from bed and board, and for the care and custody of her minor children, Sam and Sylvia Walder; said children being of the issue of her marriage with defendant. She obtained judgment, granting her the separation and the care and custody of said minors. Later she sued for and obtained a divorce. After the separation from bed and board had been granted, and before the divorce had been obtained, plaintiff and defendant entered into an agreement by which they par-

titioned the community property. In this agreement there appears the following admission and provision, to wit:

"Mrs. S. K. Walder admits that the property which she receives from Gus Walder is a sufficient consideration for her assuming the support of the two minor children, Sam and Sylvia Walder, and she does hereby agree to maintain, support, and educate them, and forever relieve their father, Gus Walder, of any and every obligation to support them."

Having entered into the foregoing agreement, plaintiff and defendant attached a copy of it to a petition, addressed to the court that rendered the judgment of separation, in which they prayed that the agreement be approved, and that the property belonging to the community of acquêts and gains that existed between them be partitioned in accordance with the agreement. Judgment was rendered partitioning the property accordingly. In this judgment there appears the following decree, to wit:

"It is further ordered, adjudged, and decreed that Mrs. S. K. Walder, plaintiff, assume the support, maintenance, and education of her minor children, and that defendant, Gus Walder, be and he is hereby forever relieved of any and all legal obligation to support said children."

Plaintiff now finds that she is unable, without assistance, to support and educate said minors. She contends that, during the four years that have intervened between the rendition of the judgment, last mentioned, and the institution of the suit now before us, defendant has contributed only $50 to the support of said minors, and that she has had to look to her older son to assist her to support and educate them. Feeling, therefore, that she is in need of assistance, she has instituted the present suit to annul that part of the judgment rendered in the partition proceedings that relieves defendant from all legal obligations to support said minors, evidently with the end in view of requiring defendant to contribute to their maintenance. The suit is brought by plaintiff in her individual capacity and as natural tutrix of said minors.

Defendant appeared and excepted to the suit on the ground of want of capacity in plaintiff to sue as natural tutrix of her minor children, and also upon the ground that the petition discloses no cause or right of action.

The exception of want of capacity has as its basis the fact that plaintiff has not only never qualified as natural tutrix of said minors, but, moreover, that it was legally impossible for her to have qualified as such.

[1, 2] Defendant is correct when he says that plaintiff has never qualified as natural tutrix of said minors. He is also correct when he says that it was impossible for plaintiff to have so qualified. This last is so, because at the time of the institution of this suit, which was prior to the passage of Acts 72 and 196 of 1924, neither the father nor mother could qualify as tutor to their children, while both were alive, although the father and mother were divorced. In such a case, a tutor was not appointed. Acosta v. Robin, 7 Mart. (N. S.) 387. But should we, because the mother has sued as the natural tutrix of the minors, dismiss the suit as to them? We do not so conclude. In our view, the allegation should be regarded as showing that which is obvious from the petition as a whole, that the mother is suing merely as the legal custodian of the minors for their benefit.

The exception of no cause or right of action is directed against plaintiff's demand, both as relates to the demand in her individual capacity and as natural tutrix of her minor children. Under the former phase of the exception, defendant urges that it is not contrary to good morals or to law, as contended for by plaintiff, for a mother to assume the support of her minor children, and for a valuable consideration to relieve the father from contributing thereto. Under the latter phase of the exception, defendant urges that

the minors were not parties to the proceeding in which the decree complained of was rendered, are not bound by it, and that there was no occasion for them to sue to annul it.

[3] In passing upon the issues raised by the exception of no cause or right of action, it should be observed that plaintiff is not suing to annul the agreement, made by her, to support her minor children, but the purpose of the suit, viewing the petition as a whole, is to have the decree in the partition proceedings annulled or declared void, in so far as it purports to relieve defendant of all legal obligations to support his minor children, with the end in view, evidently, of preparing the way to force him to contribute to their support. Hence the validity vel non of the agreement entered into between plaintiff and defendant does not enter into the case, but only the decree in said judgment, which goes further than the agreement by actually purporting to relieve defendant of all legal obligations to support his minor children, which means whether plaintiff is able to support them or not. As relates to the remaining phase of the exception, it may be observed that, while it is true the minors were not parties to the proceeding in which the decree complained of was rendered, and that plaintiff might have ignored the decree as being absolutely null and void, in so far as the minors are concerned, still this did not prevent plaintiff from bringing a direct action to annul it. Our conclusion is that the exception of no cause or right of action should be overruled.

[4, 5] In passing on the exception of no cause or right of action, we have virtually disposed of the merits. As we have said, the decree complained of is null and void, in so far as it purports to relieve defendant of all legal obligations to support said minors. The minors were not parties to the proceeding in which the decree was rendered, and the decree is therefore null and void. Moreover,

had they been made parties to the proceeding, we are not of the opinion that the decree would have been enforceable. The duty of the father to support his minor children is a continuing obligation. He cannot escape it. A decree which purports to enable him to escape that duty is beyond the power of a court to render. It would be contrary to public policy to give such a decree effect.

[6, 7] Plaintiff has asked in her brief that we amend the judgment appealed from by allowing her alimony for the children. This we cannot do, first, because she has not prayed for it in her suit; and, secondly, because, even if she had, she is the appellee, and has not filed an answer to the appeal, praying for the amendment.

For the reasons assigned, the judgment appealed from is affirmed; appellant to pay the costs.