MOISE, Justice.
On October 13, 1952, a bill of information was filed in the Juvenile Court for the Parish of Orleans charging Ira C. Woods, defendant, with violating Article 74 of the Louisiana Criminal Code LSA-R.S. 14:74, in that he wilfully neglected to provide for the support of his child, Bobby Eugene Woods, age 16 years.
On January 5, 1953, a trial was had in the Juvenile Court and alimony was fixed at $15 per week for the support of the child.
The record shows that the defendant had contributed nothing to the support of his son since June 16, 1952, a period of more than six months prior to the trial. The boy, who reached his 17th birthday on November 19, 1952, was a senior at Fortier High School and needed funds to provide *499 him with the necessities of life and an education.
It is the defendant’s contention that the Juvenile Court has no jurisdiction in this matter, since the child is 17 years of age. He argues that, under Article 7, Section 96 of the Constitution, the Juvenile Court has no jurisdiction over a major defendant charged with failure to support a minor 17 years of age, and that the Juvenile Court has jurisdiction only when the child is under 17 years of age. We note that these contentions are the same as those raised in an application for writs,- filed by this defendant (No. 41,077 of the docket of this Court), prior to the trial of this case. We unanimously refused that application.
The pertinent part of Article 7, Section 96 of the Constitution of 1921 reads:
“Said court (referring to the Juvenile Court) shall also have jurisdiction of all cases of desertion or nonsupport of children by either parent, or of nonsupport of wives by their hus-' bands and also of all adoption of children under the age of seventeen years.” (Parenthesis and Italics mine.)
This Section further provides that the Juvenile Court shall have jurisdiction of the trial of
«* * * an perscms charged with contributing to the neglect or delinquency of children under seventeen years of age, or-with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral and mental well-being of children [under seventeen years of age] not punishable by death or hard labor.” (Italics mine.)
Section 96, Article 7 of the Constitution, as amended and adopted, Act 513 of 1948, also relates to proceedings in the Juvenile Court against children under seventeen years of age. Further, the Juvenile Court is vested with jurisdiction of the trial of cases of majors for nonsupport of minor children. It is not provided that the child be seventeen years of age.
“Said court shall also have jurisdiction of all cases of desertion or nonsupport of children by either parent, or of nonsupport of wives- by their husbands.”
The language “jurisdiction of all cases of * * * nonsupport * * * ”, is all embracing.
It is of particular note that.the provisions of the Article in question also include jurisdiction of cases involving the prosecution of the husband, a major, for the nonsupport of his wife, a major.
The prosecution here is directed against a major for the non-support of his minor child seventeen years of age.
“Minors”, as défined in Article 37 of the LSA-Civil Code, are those “who have not yet attained the age of one and twenty years complete”.
*501 “Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.” Article 227, LSA-C.C.
“A child remains under the authority of his father and mother until his majority or emancipation.” Article 216, LSA-C.C.
The above quoted constitutional and codal provisions make the meaning of the word “child” as clear as light.
In Tolley v. Karcher, 196 La. 685, 200 So. 4, our Court held that Article 227 of the Revised Civil Code relates to minor children.
In Walder v. Walder, 159 La. 231, 105 So. 300, 302, the Court declared:
“* * * The duty of the father to support his minor children is a continuing obligation. He cannot escape it. A decree which purports to enable him to escape that duty is beyond the power of a court to render. It would be contrary to public policy to give such a decree effect.”
The offense of failing to support a child by its parent is set forth in Article 74 of the Criminal Code, LSA-R.S. 14:74, the pertinent part of which reads:
“Criminal neglect of family is the desertion or intentional non-support * * *
“(2) By either parent of his minor child, whether legitimate or illegiti- - mate, who is in destitute, or necessitous circumstances, there being a duty established by this article for either parent to support his child. The parent shall have this duty without regard to his reasons and irrespective of the causes of his living separate from the other parent. * * *
“Whenever a husband has left his wife or minor child in destitute or necessitous circumstances and has not provided them with means of support within sixty days thereafter, his failure to so provide shall be presumptive evidence for the purpose of determining the substantive elements of this offense that at the time of leaving he intended desertion and non-support. * * *»
The offense set out in Article 74 of the Criminal Code, LSA-R.S. 14:74, is the wilful nonsupport by the parent of his minor child. As set out in the codal articles above, the term “minor children” used in the article under which this prosecution was brought, means children under twenty-one years of age. Accordingly, defendant’s plea to the jurisdiction of the Juvenile Court was properly overruled.
Defendant complains that there is no proof in the record that the child is in necessitous circumstances; that there is no proof that the child needs $15 per week; *503 and that there is no proof of defendant’s earnings.
Article 74 of the Criminal Code, LSA-R.S. 14:74, deals with intentional nonsupport by a parent of a minor child in necessitous circumstances.
The child in this case was in necessitous circumstances, because it was shown that the small earnings of his mother were not sufficient to provide him with food, clothing, lodging and a high school education.
The earnings of the father are not an essential element of the crime of neglect of family. The object of the prosecution here is to cure a neglect of duty by a parent. The defendant did not testify as to where he was employed nor as to the amount of his earnings. Neither his wife nor his son knew where he worked or what amount he earned. Every element constituting the crime was proved.
Article 74 of the Criminal. Code, LSA-R.S. 14:74, imposes a penalty by fine or imprisonment for the offense here involved. The court imposed neither fine nor imprisonment on this accused, but looked to Ihe general welfare of the child and fixed alimony in lieu of fine and imprisonment.
The father’s duty to support is absolute. His failure so to do constituted the offense.
Judgment affirmed.