427 So.2d 518 (1983)
Brenda Jane Wiggins RICHARDSON, Plaintiff-Appellant,
v.
Donald Lane RICHARDSON, Defendant-Appellee.
No. 82-462.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Rehearing Denied March 22, 1983.
*519 C. Allen Bradley, Jr., DeRidder, for plaintiff-appellant.
Love, Rigby, Dehan, Love & McDaniel, Joe Cordill, Jr., Shreveport, for defendant-appellee.
Before GUIDRY, CUTRER and LABORDE, JJ.
CUTRER, Judge.
The issue presented on appeal is the validity of a trial court judgment which provided that, upon the acceptance of $5,000.00, the wife waived all past, present and future claims for child support for two children.
Brenda Wiggins and Donald Richardson were married on April 23, 1977. No children were born of this marriage but Richardson adopted Brenda's two children born of her prior marriage. Brenda and Richardson separated on November 1, 1980.
On August 3, 1981, default judgment was rendered granting Richardson a legal separation from Brenda. The judgment also awarded custody of the two children to Brenda. This judgment also contained the order referred to in the opening paragraph of this opinion.
On January 28, 1982, by default judgment, Richardson was granted a divorce with custody of the children being granted to Brenda. Child support was not mentioned in this judgment.
On April 28, 1982, Brenda filed a rule seeking $450.00 per month child support payments. Richardson filed exceptions of res judicata and no cause of action. The exceptions were grounded upon the contention that the trial court judgment, dated August 3, 1981, wherein Brenda accepted $5,000.00 child support and waived all past, present and future child support, was valid and Brenda's rule was barred by res judicata or, in the alternative, stated no cause of action.
The trial court rendered judgment sustaining the exceptions filed by Richardson, dismissing Brenda's rule for child support. Brenda appeals. We reverse and remand.
The judgment, granting Richardson a separation from Brenda, dated August 3, 1981, and awarding custody of the two children to Brenda, also contained the following provisions:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, pursuant to the agreement of the parties, that DONALD LANE RICHARDSON has paid and BRENDA JANE WIGGINS RICHARDSON, has accepted the sum of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS cash in full and final settlement of any and all past, present and future child support payments and BRENDA JANE WIGGINS RICHARDSON does hereby waive her rights to any past, present and future child support in consideration of the payment made."
The validity of this order is presented for decision on this appeal.
In the early case of Walder v. Walder, 159 La. 231, 105 So. 300 (1925), the husband and wife entered into the following agreement:

*520 "`Mrs. S.K. Walder admits that the property which she receives from Cus Walder is a sufficient consideration for her assuming the support of the two minor children, Sam and Sylvia Walder, and she does hereby agree to maintain, support, and educate them, and forever relieve their father, Gus Walder, of any and every obligation to support them.'"

As a result of the agreement a partition judgment, rendered later, contained the following order:
"`It is further ordered, adjudged, and decreed that Mrs. S.K. Walder, plaintiff, assume the support, maintenance, and education of her minor children, and that defendant, Gus Walder, be and he is hereby forever relieved of any and all legal obligation to support said children.'"
The wife then filed suit to annul that portion of the judgment which relieved the husband of any future obligations to support the children. The husband filed an exception of no cause or no right of action. In overruling the exception, the court held as follows:
"In passing on the exception of no cause or right of action, we have virtually disposed of the merits. As we have said, the decree complained of is null and void, in so far as it purports to relieve defendant of all legal obligations to support said minors. The minors were not parties to the proceeding in which the decree was rendered, and the decree is therefore null and void. Moreover, had they been made parties to the proceeding, we are not of the opinion that the decree would have been enforceable. The duty of the father to support his minor children is a continuing obligation. He cannot escape it. A decree which purports to enable him to escape that duty is beyond the power of a court to render. It would be contrary to public policy to give such a decree effect."
The rule enunciated in Walder has been consistently recognized by our courts. In Dubroc v. Dubroc, 388 So.2d 377 (La.1980), the court enforced an agreement by the mother to suspend the payment of the court ordered child support where the mother turned the physical custody of the child over to the father, but the court reiterated the principle enunciated in Walder and held that the duty imposed upon the father to support the children cannot be permanently waived or set aside by agreement. This rule was followed in the case of Pierce v. Pierce, 397 So.2d 62 (La.App. 2nd Cir.1981), which held as follows:
"The obligation which this father, defendant, owes to his children emanates from LSA-C.C. art. 227, which reads:
`Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.'

"This obligation stems not from marriage, but from the paternity or maternity of the parent involved. Parents cannot permanently set aside a decree of child support. Walder v. Walder, 159 La. 231, 105 So. 300 (1925), and Dubroc v. Dubroc, 388 So.2d 377 (La.1980). The legal duty of support owed to a child cannot be renounced. A parent may suspend the right to collect the support by turning a child over to the parent who owes the duty of support, Dubroc, supra, but otherwise cannot, in suspending this right, thwart the enforcement of the child's right to support."

Counsel for Richardson contends that the agreement and judgment herein is enforceable according to the case of Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir. 1979). That case involved a rule to make past due child support payments executory. The mother had waived child support payments in order to enhance the appearance of the father's financial statement for the purpose of aiding him in securing a V.A. loan on a house. The court held that "[i]t is not `contra bonos mores' in Louisiana for a mother to waive child support payments provided in a judgment." Insofar as that case is in conflict with this opinion, we must respectfully disagree. We follow Walder and Dubroc which hold that the duty to support a minor child is a continuing one and cannot be escaped by a waiver which *521 purports to be permanent and everlasting in its impact.
We hold that the portion of the judgment herein recognizing the waiver of future child support by Brenda upon the acceptance of $5,000.00 from Richardson, is null and void as against public policy.
Having concluded that the trial court judgment ordering the waiver is invalid, such judgment cannot serve as a basis for sustaining either an exception of res judicata or no cause of action. The judgment of the trial court must be reversed and the suit remanded for further proceedings.[1]
For the reasons set forth herein, the judgment of the trial court sustaining the exceptions of res judicata and no cause of action is reversed and set aside. The suit is remanded for further proceedings in accordance with the views expressed herein and according to law. The costs of this appeal are to be paid by defendant-in-rule-appellee.
REVERSED AND REMANDED.
NOTES
[1] Upon remand for a hearing on the issue of child support, the trial court, however, may consider the $5,000.00 payment to Brenda in its determination of the needs of Brenda for child support. Monk v. Monk, 376 So.2d 552 (La. App. 3rd Cir. 1979).