ALLEN M. BABINEAUX, Judge Pro Tem.
This appeal involves a claim by the appellant, Betty Joyce Brantley, for past due child support against her former husband, the appellee, James M. Brantley.
By judgment of the Fourteenth Judicial District Court dated January 81, 1975, Mr. Brantley was ordered to pay the sum of $60.00 per week as child support payments for the four minor children born of this marriage with Mrs. Brantley. This award of child support was an in globo award, not setting forth any amount of child support on a per child basis. Until the present rule, made the subject of this appeal, this prior judgment has never been modified or terminated by any court.
Two documents titled “Transfer of Custody” were signed by Mrs. Brantley in August and December of 1977. The first document, dated August 9, 1977, purported to *240 convey the temporary custody of James L. Brantley, age 16 at that time, to Mr. Brant-ley and to reduce child support payments by Mr. Brantley from $60.00 per week to $45.00 per week. The second document, dated December 30, 1977, purported to convey the temporary custody of Shannon Dale Brantley, age 15 at that time, to Mr. Brantley. This second document further provided for the termination of all child support payments by Mr. Brantley.
Mr. Brantley contends that these documents executed before a notary by Mrs. Brantley terminated his obligation to make child support payments as set forth in the judgment of January 31, 1975. The appellant contends the child support judgment remains in full force and effect despite these agreements and, additionally, that these agreements are unenforceable for various reasons. The trial court ruled in favor of Mr. Brantley, for oral reasons assigned at trial, dismissing Mrs. Brant-ley’s petition for past due child support. We affirm.
The general rule in Louisiana is that a child support judgment remains in full force and effect in favor of the party to whom it was ordered until the judgment is modified or terminated by a court. Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977). However, exceptions to this general rule have been allowed. In Dubroc v. Dubroc, 388 So.2d 377 (La.1980), the Supreme Court held that an extra-judicial agreement between parents suspending child support payments may be enforceable under certain circumstances. The Court stated at page 380:
unless it meets the .requisites for a conventional obligation and fosters the continued support and upbringing of the child. To allow the parent to suspend his right to receive support payments under circumstances contrary to the child’s interests, would be inimical to the ultimate goal of support and upbringing of the child. On the other hand, if the parties clearly agree to a suspension of the payments, and such agreement does not interrupt the child’s maintenance or upbringing or otherwise work to his detriment, the agreement should be enforceable.”
In the present case, the appellant contends that the Dubroc requirements have not been satisfied. Specifically, the appellant argues that the agreements executed by Mrs. Brantley do not meet the requisites of a conventional obligation. It is alleged that Mrs. Brantley’s consent to these agreements was not validly given because of coercion and pressure. The appellant argues that Mr. Brantley enticed the youngest boy, Shannon Dale, to move to Alaska with him and that thereafter the child’s behavior worsened until Mrs. Brant-ley had no choice but to submit to the transfer of custody agreement including the termination of child support provisions. While we may agree that Mr. Brantley may have influenced the child to go to Alaska with him, we do not feel that this constitutes the kind of coercion or pressure required to vitiate one’s consent to a valid agreement. We conclude these allegations by the appellant are not supported by the record.
The appellant further contends that these agreements are unenforceable because they lack a lawful cause. They cite in support of this position Richardson v. Richardson, 427 So.2d 518 (La.App. 3rd Cir.1983). We feel the appellant's reliance on Richardson is misplaced. In Richardson this court stated: “... that the duty to support a minor child is a continuing one and can not be escaped by a waiver which purports to be permanent and everlasting in its impact.” The court held that the express waiver of future child support was null and void. In this proceeding the agreements do not purport to be permanent and everlasting in their impact nor do they specifically refer to a waiver of all future child support. We feel the Richardson rule is inapplicable.
Nor do we feel that the suspension of support is null because the mother retained custody of two of the four children. Fathers and mothers owe a duty of support to their minor children. La.Civ.Code Art. *241 227. Mrs. Brantley testified that she was financially able to provide for the two children in her physical custody since the date child support payments from Mr. Brantley had ceased. She has not shown that the agreements at issue were contrary to the best interests of these children, nor do we find so from the record. Hence we feel the full requirements of Dubroc have been met.
For these reasons, the judgment of the district court in favor of the appellee, dismissing the appellant’s suit, is affirmed, at the appellant’s cost.