506 So.2d 624 (1987)
Lori Gonsoulin CLEMENT
v.
Carl Francis CLEMENT.
No. CA-6626.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1987.
*625 T. George Delsa, Kehl, Cotogno, Delsa & Dunn, New Orleans, for plaintiff-appellant.
Edwin A. Stoutz, Jr., New Orleans, for defendant-appellee.
Before SCHOTT, WARD and WILLIAMS, JJ.
WARD, Judge.
In this appeal we are called upon to determine the validity of a provision in a community property settlement agreement by which the mother permanently waived the right to receive child support from the father. The agreement at issue was executed by Carl and Lori Clement on March 23, 1983, a little more than a year after they had been divorced by a judgment which gave custody of their infant child to Lori Clement and awarded her child support. The agreement was part of a consent judgment rendered by Civil District Court in which the Clements partitioned their community property and made several provisions concerning the child. The agreement stated that Carl Clement was to have no further visitation with his son due to the "expected adoption" of the child by a named individual who presumably Lori Clement planned to marry. The agreement further provided that Carl Clement would not contest that adoption. Finally, the agreement stated:
And in further consideration of the mutual covenants herein Lori Gonsoulin Clement, does hereby waive any and all of her rights to child support of the minor child until he reaches the age of eighteen (18) years of age.
Under the terms of the agreement, if the father contested the adoption, child support would be set by the Courtretroactive to the date of the agreement and subject to an offset for the money the mother received from the sale of the family home. This contingency, the father's contesting the adoption, was the only condition placed upon the mother's waiver of her right to require the father to contribute to the child's support.
Some three years after the consent judgment, Lori Clement filed a Rule for Child Support against her former husband, claiming entitlement to "at least $500.00 per month." Carl Clement responded, seeking joint custody or visitation and requesting an offset of the amount of any support he might be found to owe against the value of the community property he gave up under the settlement agreement. He then filed an exception of res judicata, claiming that the issue of his child support obligation had been finally adjudicated by the consent judgment and could not be relitigated. The Trial Court granted the exception. Lori Clement's appeal brings the case before us.
She contends that her waiver of the right to receive child support is unenforceable, and hence her claim for child support is not barred by res judicata. We agree and reverse the judgment of the Trial Court.
*626 The legal duty of parents to support their children is imposed by La.C.C. art. 227:
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.
This obligation of support does not terminate with the dissolution of the marriage because it arises not from the marriage but from the fact of paternity. Lewis v. Lewis, 404 So.2d 1230 (La.1981).
Moreover, a parent's legal duty of support may not be permanently set aside, neither by the parents nor by a court judgment. Walder v. Walder, 159 La. 231, 105 So. 300 (1925). A parent may, however, agree to suspend his right to compel the other parent to contribute to the child's support, as long as suspension of the parent's right does not thwart the purpose of that rightthe enforcement of the child's right to support. Dubroc v. Dubroc, 388 So.2d 377 at 380 (La.1980).
By its terms quoted above, the waiver agreement executed by Carl and Lori Clement did not attempt to permanently set aside the father's duty of support which is prohibited and would have been absolutely unenforceable. Rather, it was a contractual suspension of the mother's right to receive child support payments from the father. As such, it is enforceable if it meets the requirements for a conventional obligation and fosters the continued support and upbringing of the child. Dubroc, Id. We find the waiver agreement unenforceable under these criteria.
Putting aside for the moment the question of the validity of the agreement as a contract, we find that a permanent waiver of the mother's right to compel the father to contribute to the child's support is not in the child's best interests. Regardless of the consideration given for the agreement, a permanent waiver by the custodial parent of the right to receive child support payments does not foster the child's continued support and upbringing. The enforcement of such an agreement would mean that whatever fortunes or misfortunes might befall these parents or the child in the future, the mother could never ask for support for the child from the father. For this reason alone, we would find the agreement unenforceable and no bar to the mother's present claim for child support.
Moreover, as to the validity of the waiver agreement as a contract, it is apparent from the terms of the agreement that it was entered into in anticipation of the mother's remarriage and the child's adoption by the mother's new husband, events which did not occur. We therefore believe the waiver was a conditional obligation, subject to a suspensive conditionthe child's adoption. Because that condition was never fulfilled, the agreement cannot be enforced. Former La.C.C. art. 2021, 2025, 2043 (repealed by Acts 1984, No. 331, effective January 1, 1985).
The community property settlement provisions of the agreement, however, show that Lori Clement received substantially more property than did her former husband, presumably as consideration for waiving her right to child support. In ruling upon Lori Clement's entitlement to child support and in setting the amount, the Trial Court may consider the value of the community property she received as against the child support expenses she presents to the court. See, for example, Monk v. Monk, 376 So.2d 552 (La.App. 3rd Cir.1979) and Pierce v. Pierce, 397 So.2d 62 (La.App. 2nd Cir.1981).
For the foregoing reasons, the judgment of the Trial Court granting Carl Clement's exception of res judicata is reversed. The case is remanded for consideration of Lori Clement's claim for child support. All costs of appeal to be paid by the parties jointly.
REVERSED AND REMANDED.