691 So.2d 138 (1997)
Patricia A. BASS, Individually and as Natural Tutrix of her Minor Child, Laura Omega Bass
v.
Johnny LAPORTE, Jr.
No. CA 95 0867 R.
Court of Appeal of Louisiana, First Circuit.
February 14, 1997.
Writ Denied April 25, 1997.
Benjamin P. Mouton, Baton Rouge, for Plaintiff/Appellant Patricia A. Bass.
Robert J. Burns, Baton Rouge, for Defendant/Appellee Johnny Laporte, Jr.
Before WHIPPLE, PITCHER and FITZSIMMONS, JJ.
WHIPPLE, Judge.
This case is before us on remand from the Louisiana Supreme Court. We hold that, under the facts of this case, the trial court's *139 judgment maintaining defendant's peremptory exception of prescription was erroneous because the judgment of dismissal is an absolute nullity and imprescriptible as it was based on an absolutely null compromise agreement. Accordingly, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Patricia B. Bass, individually and as natural tutrix of her minor child, Laura Omega Bass, filed a petition to establish paternity and support obligation against Johnny Laporte, Jr., her former husband and the alleged father of the child. Laporte answered the petition, generally denying the allegations contained therein. Thereafter, the parties executed a document styled, "Transaction of [sic] CompromiseReceipt and Release," which provided, in pertinent part, as follows:
The parties herein realizing the uncertainties of trial and the contested issues involved, hereby agree to release each other from any and all further litigation liability regarding the allegations of paternity; and further, that for consideration of $15,000.00, paid by Johnny Laporte, Jr., unto Patricia A. Bass, in three (3) equal installments, the first to be due and payable on the date of this transaction and the remaining two (2) installments being due in ninety (90) day intervals, from date of first payment, consecutively, the parties do hereby fully release each other from any further liability, allegations, paternity or otherwise concerning the issues presented in said above captioned suit.
Patricia A. Bass by this [sic] presents does hereby affirm that Johnny LaPorte, Jr., is hereby released by her from any and all further support obligations toward the minor child, Laura Omega Bass, and further, that she does recant any and all allegations concerning the establishment of paternity as it pertains to Johnny Laporte, Jr., and the minor child.
Patricia A. Bass further releases Johnny LaPorte, Jr., from any and all costs inherent with the minor child's birth and upbringing as of date and for any further purposes consistent with this settlement.
It is further agreed and understood that this settlementreceipt and release, constitutes a complete compromise of the disputed claim and that the suit will be dismissed with prejudice and that the payments acknowledge[d] herein are solely for the purposes of putting an end to litigation and is in no way an admission of paternity or liability by anyone and is entered into by appearers based upon their personal knowledge of facts and circumstances and on the advice of their attorneys of record, in avoidance of the uncertainties of litigation and is in no manner based upon any warranties or representations made by any person or entity released.
The parties hereto further declare that they have not entered into a contract of employment with any other than the undersigned attorneys, nor shall any claim or any right of any sort be reserved unto any parties herein regarding alleged paternity as it pertains to Johnny LaPorte, Jr., and the minor child involved herein; and further, that Patricia A. Bass, individually and on behalf of the minor, Laura Omega Bass, does hereby agree to indemnify and hold harmless and defendant [sic] Johnny La-Porte from any allegations made by any third parties or future parties regarding allegations of paternity relating to Johnny LaPorte, Jr., and the minor child, and to take any actions necessary in affirming denial of paternity as it relates to Johnny LaPorte, Jr.
It is the intention of all parties that this is a full and complete settlement, without any reservation of any rights whatsoever. It is further agreed and understood that the recitations herein are contractual in nature and do not constitute a mere recital and that appearers have consulted their undersigned attorneys before entering into the same. Appearers agree and the undersigned attorneys are hereby authorized and directed to dismiss the above numbered and entitled lawsuit, with prejudice, at defendant's cost.
The agreement was executed by the parties and their former attorneys, in the presence of two witnesses, on February 22, 1988.
*140 On March 7, 1988, the trial judge signed a judgment, dismissing plaintiff's petition with prejudice.
On June 24, 1993, plaintiff filed a petition to annul the judgment of dismissal. In her petition, plaintiff alleged that the compromise agreement is null and void, as it is against public policy. Defendant filed numerous exceptions, including a peremptory exception pleading the objection of prescription, which was maintained by the trial court. In our original opinion, we reversed the trial court's judgment, holding that if the judgment of dismissal was based on an absolutely null compromise agreement, the judgment is also an absolute nullity which does not prescribe. Bass v. Laporte, 95-0867 (La.App. 1st Cir. 4/4/96); 672 So.2d 1121,1124. The Louisiana Supreme Court set aside our judgment and remanded to this court, noting that our original opinion erroneously accepted as true the allegation in plaintiff's petition that the compromise agreement was an absolute nullity. The supreme court noted that the resolution of that issue is a question of law which cannot be decided on a mere assertion in a pleading. Bass v. LaPorte, 96-1651 (La.10/25/96); 681 So.2d 344. Therefore, we must now determine whether the compromise agreement upon which the judgment of dismissal was based is an absolute nullity.

DISCUSSION
LSA-C.C. art. 3071 provides, in pertinent part, that:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
Also, pursuant to LSA-C.C. art. 3078, a transaction or compromise has a force equal to the authority of things adjudged. Louisiana statutory law, specifically LSA-C.C. art. 3072, requires that the tutor of a minor obtain authorization from the judge to make a transaction. In Blades v. Southern Farm Bureau Casualty Insurance Company, 95 So.2d 209, 211 (La.App. 1st Cir.1957), rev'd on other grounds, 237 La. 1, 110 So.2d 116 (1959), this court held that a compromise of a minor's claim by a father without the statutorily required authorization by the judge is an absolute nullity.[1] As such, the judgment of dismissal, which was based on the absolutely null compromise agreement, is likewise an absolute nullity. See Walder v. Walder, 159 La. 231, 105 So. 300 (1925).[2]
It is well settled in our jurisprudence that compromise agreements between parties to avoid litigation are favored by law, and courts will not declare a settlement void without a clear showing that it violates good morals or public interest. Walton v. Walton, 597 So.2d 479, 484 (La.App. 1st Cir.1992).
*141 In Davis v. Office of Child Support Enforcement, 322 Ark. 352, 355-356, 908 S.W.2d 649, 651-652 (Ark.1995), a mother brought a suit to establish paternity after a prior action had been dismissed with prejudice based on a settlement of all contested and disputed issues. The Arkansas Supreme Court held that the judgment of dismissal with prejudice was void on its face, stating that under its laws, the interests of a minor could not be compromised by a guardian without approval by the court. The Davis court went on to state that it was not sufficient that a court be made aware of the compromise agreement and that the agreement be agreeable to the guardian. Rather, the Arkansas Supreme Court stated that the lower court was required to make a judicial act of investigation into the merits of the compromise agreement and into its benefits to the minor.
We recognize and respect the strong public policy in favor of upholding the validity of compromise agreements. We also respect the legal precept that parties are free to contract for any lawful purpose. However, this case, wherein a compromise agreement affects a minor's right to establish paternity without the statutorily required court approval, requires a balancing of those considerations against the well guarded right a child has to continuing support by its parents and the paramount policy of protecting the welfare of the child. In this case, the scale tips heavily in favor of protecting the rights of the child. This is especially true where, as here, the judgment of dismissal with prejudice does not indicate that the trial court was even aware of the terms of the settlement agreement or considered whether the settlement agreement was in the child's best interest.
Louisiana rules of public policy protect a minor right to support from his parents. In Walder, 105 So. at 300, a husband and wife entered into an agreement wherein their community property was partitioned. The agreement contained the following provision:
[Plaintiff] admits that the property which she receives from [defendant] is a sufficient consideration for her assuming the support of the two minor children ... and she does hereby agree to maintain, support, and educate them, and forever relieve their father ... of any and every obligation to support them.
The agreement was presented to the court with a petition to partition the community property, and the trial court rendered judgment partitioning the property in accordance with the agreement. The judgment of partition contained the following decree:
It is further ordered, adjudged, and decreed that ... plaintiff assume the support, maintenance, and education of her minor children, and that defendant ... be and he is hereby forever relieved of any and all legal obligation to support said children.
Walder, 105 So. at 301.
Subsequently, the wife instituted suit to annul that part of the judgment. The court stated that the decree was null and void insofar as it purported to relieve the defendant of all legal obligations to support his minor children, regardless of whether or not the children were parties to the decree. As noted above, the court concluded that a decree which purports to enable a father to escape the duty to support his minor children is beyond the power of a court to render. Walder, 105 So. at 301-302.
Likewise, in Richardson v. Richardson, 427 So.2d 518 (La.App. 3rd Cir.), writ denied, 433 So.2d 182 (La.1983), the third circuit held that a provision in a judgment of separation recognizing a wife's waiver of future child support upon her acceptance of $5,000.00 from her husband was null and void, as against public policy.
While admittedly the above cases refer to support issues as opposed to contested paternity cases, we find them extremely persuasive as the major purpose of filiation law is to identify the father of a child so that he may assume his equitable share of responsibility for the child. See Davis, 322 Ark. at 357, 908 S.W.2d at 652.
We conclude that the compromise agreement in this case is an absolute nullity inasmuch as it was executed by the parties without the statutorily required court approval and for a purpose "contrary to good *142 morals or law." Thus, the judgment of dismissal with prejudice, which was based on the compromise agreement, is likewise an absolute nullity. Plaintiff's action to annul the absolutely null judgment is imprescriptible, and therefore, the trial court erred in maintaining defendant's peremptory exception pleading the objection of prescription.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court maintaining the peremptory exception pleading the objection of prescription filed by defendant, Johnny Laporte, Jr., and dismissing the petition to annul filed by plaintiff, Patricia A. Bass, individually and as natural tutrix of her minor child, Laura Omega Bass, is hereby reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed against Johnny Laporte, Jr.
REVERSED AND REMANDED.
FITZSIMMONS, J., concurs, and assigns reasons.
FITZSIMMONS, Judge, concurring, with reasons:
While it is true that Civil Code article 3072 states that the tutor of a minor cannot compromise a transaction without court approval, that does not answer the question before us. In the compromise, the mother did two things; first, she permanently waived the child's right to establish that Mr. LaPorte was the child's father; secondly, and derivatively, she permanently waived the child's right to child support from Mr. LaPorte. Based on the cases cited in the majority opinion, such a compromise cannot be valid, even with court approval.
To deny the child the right to pursue paternity, operates as an effective permanent waiver of child support, if the defendant is the true biological father. Thus, if the permanent waiver of child support is against public policy, so too is the permanent waiver of the child's right to establish paternity. No amount of court participation can rectify what is inherently obviated by public policy. Court approval vel non is not the issue. The compromise, and the judgment based on the compromise, are both null and void because they are against public policy.
NOTES
[1] The Louisiana Supreme Court reversed upon finding that there was no tutorship and that the father, having the power of administration while the mother lived, was not required, as the tutor was, to obtain court authority to compromise the claims of the minor. Blades v. Southern Farm Bureau Casualty Insurance Company, 237 La. 1, 110 So.2d 116 (1959). Here, plaintiff, the mother, is the tutrix of her illegitimate child not acknowledged by the father pursuant to LSA-C.C. art. 256.
[2] In Walder, the defendant former husband contended that it is not contrary to good morals or law, as was claimed by the plaintiff, for a mother to assume the support of her minor children, and for a valuable consideration, to relieve the father from contributing thereto. The Louisiana Supreme Court flatly rejected the defendant's argument and concluded that the defendant's exception of no cause or no right of action filed in response to plaintiff's action to annul should be overruled. As the Supreme Court noted:

In passing on the exception of no cause or right of action, we have virtually disposed of the merits. As we have said, the decree complained of is null and void, in so far as it purports to relieve defendant of all legal obligations to support said minors. The minors were not parties to the proceeding in which the decree was rendered, and the decree is therefore null and void. Moreover, had they been made parties to the proceeding, we are not of the opinion that the decree would have been enforceable. The duty of the father to support his minor children is a continuing obligation. He cannot escape it. A decree which purports to enable him to escape that duty is beyond the power of a court to render. It would be contrary to public policy to give such a decree effect.
Walder, 105 So. at 301-302.