700 So.2d 958 (1997)
Sandra P. HEBERT
v.
Randal J. HEBERT.
No. 96 CA 2155.
Court of Appeal of Louisiana, First Circuit.
September 19, 1997.
Kerry P. Byrne, Houma, for Plaintiff-Appellant.
Norval J. Rhodes, Houma, for Defendant-Appellee.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Sandra P. Hebert (plaintiff) and Randal J. Hebert (defendant) voluntarily separated on January 5, 1996. Defendant sought the services of an attorney, who represented both parties. The attorney filed a petition for divorce on plaintiff's behalf on February 23, 1996. Defendant waived service and answered in proper person, and six days later, on March 1, 1996, a consent judgment was rendered. That judgment disposed of the issues of custody, use of the family home, health insurance, alimony, and child support. The child-support decree stated defendant was obligated to pay $300.00 per month, "said child support to commence only upon the parties paying off all community debts herein...."
Plaintiff testified that at the time the agreement was confected, she anticipated they would quickly sell the family home and pay the community debts. The appraised value of the house was $90,000.00, but the parties offered it for sale to the public for $110,000.00. A prospective purchaser offered $100,000.00, but defendant refused to sell the house for less than $105,000.00.
*959 Plaintiff contends this action, which she considered unreasonable, led her to believe defendant was in bad faith in entering into the consent judgment because if the house was not sold, their youngest child would be eighteen before their home mortgage, a community debt, was paid. Thus, if defendant refused to agree to the sale of the house, he would never become obligated to pay child support under the terms of the consent judgment.
On May 1, 1996, plaintiff, through new counsel, filed a pleading entitled "Motion to Rescind Consent Judgment and for Incidental Relief." Plaintiff contended defendant had not made a good-faith effort to pay off community obligations and had unreasonably rejected an offer to purchase the family home. She asked that the consent judgment be rescinded because it abrogated defendant's obligation to support his children and because her consent thereto had been vitiated by an error of fact concerning the principal cause. She also asked the court to rule on the issues of child support, alimony, and use of the family home after the original consent judgment was rescinded.
Defendant then retained new counsel and filed myriad exceptions to plaintiff's motion. A hearing was set for plaintiff's motion and defendant's exceptions of prescription, no cause of action, no right of action, ambiguity, and vagueness. The court found the provision in the consent judgment was "probably invalid" but questioned plaintiff's right to attack the judgment through a motion to rescind. The court stated the judgment could not be attacked by summary process; it advised plaintiff's counsel he should have filed a separate, ordinary proceeding. The court then granted all of defendant's exceptions and dismissed plaintiff's motion. However, the court treated the "and for incidental relief" language in plaintiff's pleading as a rule for modification of child support.
After hearing testimony from both plaintiff and defendant, the court stated that under the statutory child support guidelines, child support should be $368.22 per month. He then ordered defendant to pay plaintiff $300.00 per month. He also ordered plaintiff to maintain defendant and both children on her health insurance policy.
Plaintiff contends the trial court erred in sustaining defendant's exceptions, in failing to grant her motion, and in deviating from the statutory child support guidelines without specifying reasons.

DID THE TRIAL COURT ERR IN GRANTING DEFENDANT'S EXCEPTIONS AND DISMISSING PLAINTIFF'S MOTION?

A. Procedure for annulling a judgment
A judgment may be either relatively or absolutely null. Relatively null judgments must be attacked directly and within the time limitation set forth in Louisiana Code of Civil Procedure article 2004. Absolutely null judgments, however, may be attacked collaterally, at any time, by rule or by any other method.[1]
Code of Civil Procedure article 2002 lists specific vices of form that render a judgment absolutely null. The grounds for absolute nullity based on vices of form listed therein are exclusive.[2] As long recognized by the jurisprudence, a judgment may also be absolutely null or void ab initio for defects patent on the face of the proceedings. For example, a judgment rendered against a party who is not named as a defendant is absolutely void.[3] An amended judgment that makes substantive changes is likewise void *960 ab initio.[4] A judgment may also be absolutely null and void if it contains a condition that is contra bonos mores.
The trial court found the provision in this consent judgment relieving defendant of the obligation to pay child support until the community debts were paid was "probably invalid." He denied plaintiff's motion to rescind the judgment, however, because he believed the judgment could be attacked only by ordinary process in a separate suit.
If the consent judgment contained a provision that was contra bonos mores, it was absolutely null and could be brought by summary process in the same suit. We thus must determine whether the complained-of provision was against public policy.
Our courts have long recognized that a judgment wherein a parent is permanently relieved of his obligation to support his minor children is an absolute nullity because it contravenes the public policy of this state. In Walder v. Walder,[5] a mother waived her children's rights to support from their father in a judgment partitioning community property. Four years later she sued to annul that portion of the judgment. The father excepted on the grounds of no cause and no right of action. The supreme court found the exceptions should be overruled and the judgment annulled, stating:
[T]he decree complained of is null and void, in so far as it purports to relieve defendant of all legal obligations to support said minors.... The duty of the father to support his minor children is a continuing obligation. He cannot escape it. A decree which purports to enable him to escape that duty is beyond the power of a court to render. It would be contrary to public policy to give such a decree effect.[6]
This rule, enunciated by the supreme court in 1925, has been consistently applied by our courts.[7] In 1980 in Dubroc v. Dubroc[8] the supreme court found a parent could temporarily suspend a child's right to collect support by taking over the physical custody and actual support of the child, but it maintained the Walder principle that a parent cannot permanently waive or set aside that right by agreement. The second circuit, following Walder, stated in 1981 in Pierce v. Pierce[9]:
This obligation [to support one's child] stems not from marriage, but from the paternity or maternity of the parent involved. Parents cannot permanently set aside a decree of child support. The legal duty of support owed to a child cannot be renounced. A parent may suspend the right to collect the support ... but otherwise cannot, in suspending this right, thwart the enforcement of the child's right to support.[10]
Similarly, the third circuit in 1983 and this court in 1987 have followed Walder. In Richardson v. Richardson,[11] the third circuit found a judgment wherein a mother waived future child support in exchange for a lump-sum payment was null and void as against public policy. And in Macaluso v. Macaluso,[12] this court decreed a judgment provision making a father's payment of child support contingent on the mother's compliance with a visitation order absolutely null on its face. The court stated:
The public policy behind a parent's duty of support is to ensure, both for the sake of the child and the sake of the general public which might otherwise have to provide his support, that each child receives support sufficient for his maintenance and upbringing.... *961 To enforce the portion of a judgment containing a provision such as the one in question, would clearly be repugnant to the public policy behind a parent's duty of support.[13]
In this case, plaintiff waived her children's rights to support by their father until the community debts were paid. The judgment contains no provision to ensure the debts would be paid in a timely fashion; defendant could entirely avoid his obligation to pay child support by refusing to pay the community debts. This provision is clearly repugnant to defendant's obligation to support his children and is thus absolutely null and void as against public policy.[14] Because the judgment was absolutely null, plaintiff could properly bring the action to annul as a summary proceeding. The trial court's judgment dismissing the plaintiff's motion must be reversed.[15]

CONCLUSION
For the foregoing reasons, plaintiff's motion is granted, annulling, setting aside, and rescinding the consent judgment of March 1, 1996, as null and void as against public policy. We remand this matter to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to defendant.
REVERSED, RENDERED, AND REMANDED.
NOTES
[1] Garnett v. Ancar, 203 So.2d 812, 814 (La.App. 4th Cir.1967). See also La. C.C.P. art. 2002; Nethken v. Nethken, 307 So.2d 563, 565 (La. 1975); Bass v. LaPorte, 95-0867R, p. 2 (La.App. 1st Cir. 2/14/97), 691 So.2d 138, 139, writ denied, 97-0646 (La.4/25/97), 692 So.2d 1088; Webster v. Boh Brothers Constr. Co., 603 So.2d 761, 763-764 (La.App. 4th Cir.1992).
[2] Bernard v. Fireside Commercial Life Ins. Co., 633 So.2d 177, 184 (La.App. 1st Cir.1993), writ denied, 93-3170 (La.3/11/94), 634 So.2d 839. We note the court broadly stated the grounds for absolute nullity listed in article 2002 are exclusive, but it is obvious the court was referring only to actions for nullity based on vices of form.
[3] Wilson v. Champion Ins. Co., 607 So.2d 1079 (La.App. 3d Cir.1992).
[4] Webster v. Boh Bros., 603 So.2d at 763-764.
[5] 159 La. 231, 105 So. 300 (1925).
[6] Id. 105 So. at 301-302.
[7] We note this court concluded in Seifert v. Seifert, 374 So.2d 157, 160 (La.App. 1st Cir.1979), that it was not contra bonos mores in Louisiana for a mother to waive child support payments provided in a judgment, but Seifert was tacitly overruled by the supreme court in Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
[8] 388 So.2d at 380 (La.1980).
[9] 397 So.2d 62 (La.App. 2d Cir.1981).
[10] Id. at 64. (Citations omitted.)
[11] 427 So.2d 518 (La.App. 3d Cir.), writ denied, 433 So.2d 182 (La.1983).
[12] 509 So.2d 201 (La.App. 1st Cir.1987).
[13] Id. at 202-203.
[14] It matters not that plaintiff styled her action for nullity as a motion to rescind a consent judgment, a device not found in our Code of Civil Procedure. The nature of the pleading is controlling, not the title. See Webster v. Boh Bros., where plaintiff styled his pleading to annul an amended compromise judgment as a "motion for nullity."
[15] Because we are reversing the dismissal of plaintiff's motion, we need not address plaintiff's assignment of error that the trial court erred in deviating from the child support guidelines without giving reasons for the deviation. We note, however, that Revised Statute 9:315.1(B) clearly requires such reasons be given.