I2WHIPPLE, Judge.
This case is before us on appeal from a judgment in favor of defendant, Johnny La-porte, Jr.,[1] and against plaintiff, Patricia A. Bass, individually and as natural tutrix of her minor child, Laura Omega Bass, sustaining defendant’s peremptory exception raising the *1122 objection of prescription. For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
■ On November 26, 1986, Patricia A. Bass filed a petition to establish paternity and support obligation against Johnny Laporte, Jr. Defendant answered the petition, generally denying the allegations contained in plaintiffs petition. On March 7, 1988, plaintiffs suit was dismissed with prejudice, upon motion of both parties, for the stated reason that the “cause [had] been settled.”
On June 24, 1993, plaintiff filed a petition to annul the judgment of dismissal. Plaintiff attached a document, entitled “Transaction of [sic] Compromise — Receipt and Release,” to her petition. She asserted that the judgment of dismissal with prejudice, signed on March 7, 1988, was based on the agreement. The agreement provided that defendant would pay plaintiff $15,000.00 in exchange for dismissal of the paternity action. Plaintiff and defendant agreed to release each other from any further liability or allegations concerning paternity.
In her petition to annul, plaintiff averred that the agreement is “null and void, as a matter of law, inasmuch as it constitutes a waiver of future child support obligations on the part of [defendant], which is against public policy.” Alternatively, plaintiff averred that the judgment was obtained by ill practices and that enforcement of the judgment “would be inequitable or unconscionable under the facts and circumstances of [the] case.” In response, defendant filed peremptory exceptions raising the objections of no Rcause of action[2], prescription[3] and no right of action[4]. Following a hearing, the trial court denied the peremptory exception pleading the objection of no cause of action and granted defendant’s peremptory exceptions pleading the objections of no right of action and prescription. Plaintiff was allowed thirty days to amend her petition to cure the defects.
Plaintiff filed a supplemental and amending petition. Defendant responded with peremptory exceptions raising the objections of prescription and res judicata. A hearing on these exceptions and various motions filed by plaintiff was held on November 8, 1994.[5] Following the hearing, the trial court took the matter under advisement and subsequently rendered judgment maintaining defendant’s peremptory exception pleading the objection of prescription, overruling the peremptory exception pleading the objection of res judicata and denying plaintiffs request for sanctions. Plaintiff appeals.[6]
DISCUSSION
The issue presented to this court is whether plaintiff’s action to annul the judgment of dismissal is barred by liberative prescription. Liberative prescription is a mode of barring actions as a result of inaction for a period of time. LSA-C.C. art. 3447. Ulf the facts alleged in a petition do not show that a claim has prescribed, the *1123 burden is on the party raising the objection of prescription to prove it. Tranum v. Hebert, 581 So.2d 1028, 1030 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991). Conversely, if a claim is prescribed on the face of the pleadings, the burden is on the plaintiff to show that prescription has not tolled because of an interruption or a suspension of prescription. Tranum, 581 So.2d at 1030. On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931. In the absence of evidence, the objection or prescription must be decided upon the facts alleged in the petition and all allegations thereof are accepted as true. Tranum, 581 So.2d at 1026.
The character of an action as disclosed in pleadings determines the prescriptive period applicable to that action. Dear v. Mobile, 93-1188, p. 3 (La.App. 1st Cir. 5/20/94); 637 So.2d 745, 747. Moreover, prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished. If there are two possible constructions, that which favors maintaining, as opposed to barring an action, should be adopted. Bustamento v. Tucker, 607 So.2d 532, 537 (La.1992).
Plaintiffs petition to annul alleges that the agreement between the parties upon which the judgment of dismissal is based is an absolute nullity. This allegation, for purposes of the resolution of the prescription issue, must be accepted as true. The next inquiry is whether the judgment, based on that absolutely null agreement, is likewise an absolute nullity.
In Walder v. Walder, 159 La. 231, 105 So. 300 (1925), the Louisiana Supreme Court answered this inquiry affirmatively. In Wald-er, a husband and wife entered into an agreement wherein their community property was partitioned. The agreement |5contained the following provision:
[Plaintiff] admits that the property which she receives from [defendant] is a sufficient consideration for her assuming the support of the two minor children ... and she does hereby agree to maintain, support, and educate them, and forever relieve their father ... of any and every obligation to support them.
The agreement was presented to the court with a petition to partition the community property and the trial court rendered judgment partitioning the property in accordance with the agreement. The judgment of partition contained the following decree:
It is further ordered, adjudged, and decreed that ... plaintiff assume the support, maintenance, and education of her minor children, and that defendant ... be and he is hereby forever relieved of any and all legal obligation to support said children.
Subsequently, the wife instituted suit to annul that part of the judgment. The court stated that the decree was null and void insofar as it purported to relieve the defendant of all legal obligations to support his minor children, regardless of whether the children were parties to the decree, and further concluded that a decree which purports to enable a father to escape the duty to support his minor children is beyond the power of a court to render. Walder, 105 So. at 301-302.
Likewise, in Richardson v. Richardson, 427 So.2d 518 (La.App. 3rd Cir.), writ denied, 433 So.2d 182 (La.1983), the third circuit held that a provision in a judgment of separation recognizing a wife’s waiver of future child support upon her acceptance of $5,000.00 from her husband was null and void, as against public policy. Therefore, the null and void provision of the judgment could not serve as a basis for sustaining the husband’s peremptory exceptions raising the objections of res judicata and no cause of action.
We recognize that in each of the above cases the judgments set aside on appeal incorporated the provisions of the absolutely null side agreements into the judgments themselves. While the judgment in the case before us does not incorporate the specific terms or text of the parties’ agreement in the judgment of dismissal with prejudice, it is [ 6undisputed that the judgment was rendered by the trial court dismissing plaintiffs peti *1124 tion with prejudice based on the alleged absolutely null agreement. Accordingly, based on the record before us, and considering the above cited jurisprudence, we conclude that if the underlying agreement which formed the sole basis for the judgment of dismissal in plaintiffs action to establish paternity and support is an absolute nullity, then the judgment of dismissal is likewise an absolute nullity even where, as here, the judgment of dismissal at issue did not incorporate the specific language or terms of the prohibited agreement between the parties. Thus, the remaining issue is whether plaintiffs suit to annul the judgment is prescribed.
LSA-C.C.P. art. 2002 enumerates the exclusive grounds for annulling a final judgment for vices of form, and provides that the action to annul the judgment may be brought at any time. See Sweeney, Inc. v. Olivier, 589 So.2d 61, 62 (La.App. 1st Cir.1991). In this case, the plaintiff seeks to annul the judgment due to a vice of substance. Other than LSA-C.C.P. art. 2004, which provides for annulment of a final judgment due to fraud or ill practice, which renders the judgment a relative nullity, the code of civil procedure does not provide a prescriptive period for the annulment of a judgment which is absolutely null due to a vice of substance. However, LSA-C.C. art. 2032 provides that an action for annulment of an absolutely null contract does not prescribe. Likewise, we must conclude that the action to annul a judgment, which is absolutely null because it is based on an absolutely null contract, does not prescribe.
It is apparent from our review of the reasons for judgment that the trial court concluded that plaintiffs claim was prescribed based solely on her allegation that the judgment was obtained by fraud or ill practice. However, the trial court failed to consider plaintiffs additional or alternative allegation that the judgment was based on an alleged absolutely null agreement and thus, is likewise an absolute nullity. Because we find that plaintiffs action to annul the judgment on the grounds that the judgment is an |7absoIute nullity does not prescribe, the trial court erred in maintaining defendant’s peremptory exception raising the objection of prescription.
CONCLUSION
Based on the above and foregoing, the judgment of the trial court in favor of defendant, Johnny Laporte, Jr., and against plaintiff, Patricia A. Bass, individually and as natural tutrix of her minor child, Laura Omega Bass, maintaining defendant’s peremptory exception pleading the objection of prescription and dismissing plaintiffs petition, is reversed. This matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed against defendant, Johnny Laporte, Jr.
REVERSED AND REMANDED.
LeBLANC, J., concurs.

. Plaintiff's amended petition and appellate brief refers to defendant as "Johnny LaPorte, Jr.” However, defendant’s answer reflects that his name is spelled "Laporte.”

. In his peremptory exception pleading the objection of no cause of action, defendant argued that plaintiff failed to allege sufficient facts to state a cause of action based on fraud or ill practices, pursuant to LSA-C.C.P. art. 2004. Additionally, defendant argued that the agreement was not contrary to public policy.

. Defendant argued that plaintiff's claim was prescribed because the petition to annul the judgment was not filed within one year of discovery of the fraud or ill practices, pursuant to LSA-C.C.P. art. 2004.

. By means of the peremptory exception pleading the objection of no right of action, defendant asserted that plaintiff failed to appear as the representative of her minor child, Laura Omega Bass.

. The record shows that the hearing consisted solely of argument by counsel and no evidence was presented.

. Plaintiff urges three assignments of error on appeal. In her first assignment of error, plaintiff asserts that the trial court erred in failing to declare the compromise agreement an absolute nullity. However, all that can be considered on a peremptory exception raising the objection of prescription is whether there is sufficient evidence to show that the alleged time period has run under the requirements of the particular code article involved. The court cannot make a determination on the merits of the case. See Montgomery v. Breaux, 297 So.2d 185, 187 (La.1974). The remaining errors assigned by plaintiff, although not addressed individually, have been considered and resolved in this opinion.