hPER CURIAM.
The application is granted in part.
Plaintiff, the mother of the child, filed a paternity action against defendant, the alleged father. The action was eventually compromised and dismissed with prejudice.
Plaintiff subsequently filed this action to annul the judgment of dismissal, asserting among other grounds that compromise of a paternity action is a waiver of future child support and against public policy. Defendant’s exception of prescription was maintained by the trial court.
The court of appeal reversed, holding that if the judgment of dismissal was based on an absolutely null compromise agreement, then the judgment was also an absolute nullity which does not prescribe. 95-0867 (La.App. 1 Cir. 4/4/96), 672 So.2d 1121. However, the court of appeal accepted the compromise as an absolute nullity based on plaintiffs “allegation [which], for purposes of the resolution of the prescription issue, must be accepted as true.” Id. at 1123.
Whether or not the compromise of a paternity action is an absolute nullity is a question of law which cannot be decided on mere assertions in a pleading. The court of appeal assumed the answer to that question of law in deciding that the judgment was null if the compromise was null. This assumption begged the crucial |2question of whether a compromise by the parties to a paternity action is against public policy.
Accordingly, the judgment of the court of appeal is set aside, and the ease is remanded to the court of appeal to decide the determinative question of law — whether it is against public policy for a mother and an alleged father to compromise a paternity action against the alleged father of the child.
JOHNSON, J., not on panel.