928 So.2d 585 (2006)
Walter P. REED as District Attorney for the 22nd Judicial District, State of Louisiana and St. Tammany Parish Fire Protection District No. 1
v.
Charles ABNEY, Diana Aucoin and Cheryl Aucoin.
No. 2004 CA 1928.
Court of Appeal of Louisiana, First Circuit.
February 10, 2006.
*586 Troy G. Ingram, Slidell, Henry D.H. Olinde, Baton Rouge, Counsel for Plaintiffs/Appellants Walter P. Reed as District Attorney for the 22nd Judicial District, State of Louisiana and St. Tammany Parish Fire Protection District No. 1.
Lanny R. Zatzkis, Karen D. McCarthy, Yvette A. D'Aunoy, Andrew N. Lee, New Orleans, Counsel for Defendants/Appellees Charles Abney & Cheryl Aucoin and Diana Aucoin.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
Walter P. Reed, as District Attorney for the Louisiana 22nd Judicial District, and the St. Tammany Parish Fire Protection District, appeals a judgment granting exceptions of prescription in favor of defendants/appellees, Charles Abney, Cheryl Aucoin, and Diana Aucoin. For the following reasons, we affirm in part, reverse in part and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
In 1999, the defendants, who are administrative employees of the St. Tammany Fire Protection District (District), became eligible to join the Firefighters' Retirement System (FRS). However, before they could join, the FRS required a payment of actuarially-determined accrued liability in the total amount of $146,055.07. The chairman of the board of commissioners of the District and Charles Abney, who was the chief administrative officer, cosigned a check in this amount, which was paid to the FRS.
Reed subsequently instituted suit claiming the defendants committed misfeasance. He asserted that the defendants were obligated to return large sums of money paid into the FRS on their behalf on the basis that they caused the expenditure of these public funds by "scheme, enterprise, deception and otherwise." In response, Abney and Cheryl Aucoin filed exceptions of no right of action, no cause of action and prescription. Diana Aucoin filed exceptions of improper venue, prescription, vagueness, and "no right and/or cause of action."
At the hearing on the exceptions, the trial court ruled only on the exceptions of prescription, finding that Reed's claims had prescribed, and pretermitting ruling *587 on the other exceptions. The trial court entered judgment accordingly.
Reed now appeals asserting two assignments of error as follows:
(1) The Trial Court erred in holding that the one year prescriptive period set forth in La. C.C. Art. 3492 applied and not the ten year prescriptive period set forth in LSA-R.S. 42:1461.
(2) The Trial Court erred in holding that the cause of action asserted by petitioners under La. Const. Art. VII, Sect. 14 is governed by a one year prescriptive period, or in the alternative that La. Const. Art. VII, Sect. 14 did not apply to the facts of this case.

DISCUSSION

Prescription under La. R.S. 42:1461[1]
The trial court found that the ten-year prescription specifically provided in La. R.S. 42:1461 did not apply because there was no evidence that the named defendants misappropriated funds or illegally took funds without authority. In looking to the merits of Reed's petition, the trial court erred. All that must be considered on a peremptory exception raising the objection of prescription is whether there is sufficient evidence to show that the alleged time period has run under the requirements of the particular code article involved. The court cannot make a determination on the merits of the case. Bass v. Laporte, 95-0867, p. 3 n. 6 (La.App. 1 Cir. 4/4/96) 672 So.2d 1121, 1122 n. 6, writ granted in part, judgment set aside by, 96-1651 (La.10/25/96), 681 So.2d 344, citing Montgomery v. Breaux, 297 So.2d 185, 187 (La.1974).
Reed did not specifically plead a violation of La. R.S. 42:1461 in his petition. Even so, in reviewing whether the alleged ten-year time period has run under the requirements of La. R.S. 42:1461, we observe that ten years have not yet elapsed since December 1999. Accordingly, any claim that may exist under La. R.S. 42:1461 could not have yet prescribed. Therefore, we will reverse the judgment of the trial court insofar as it ruled that Reed's claims under La. R.S. 42:1461 have prescribed. We do not comment here on whether a cause of action exists under this statute, whether the defendants might ultimately prevail on motion for summary judgment, or on any other matter or exception.

*588 Prescription under La. Const. Art. VII, § 14[2]
In ruling that Reed's claims under La. Const. Art. VII, § 14 had prescribed, the trial court found that "the contributions made in the present case are expressly exempted from the constitutional prohibition on donations of public funds for private use, and the ten-year prescriptive period of La. Const. Art. VII, § 14 does not apply."[3] The trial court declared the exemption based on La. Const. Art. VII, § 14(B)(2), which exempts contribution of public funds to pension programs for the benefit of public employees. It is alleged and undisputed that the funds were paid into the FRS. The trial court erred in finding prescription on this basis.
Since ten years have not yet passed, any claim made under La. Const. Art. VII, § 14 has not yet prescribed. See Bass, 95-0867 at p. 3 n. 6, 672 So.2d at 1122 n. 6. Therefore, we reverse the judgment of the trial court insofar as it ruled that Reed's claims under La. Const. Art. VII, § 14 have prescribed. Again we do not comment here on whether a cause of action exists under this statute, whether the defendants might ultimately prevail on motion for summary judgment, or on any other matter or exception.

Prescription under La. C.C. art. 3492
Insofar as Reed asserts claims for conversion under general tort theory, we agree with the trial court that these claims are prescribed. Under La. C.C. art. 3492, the period for liberative prescription in delictual actions is one year. The trial court was not erroneous in finding that such claims had prescribed on the face of the petition and that Reed failed to prove that the one-year prescriptive period had been suspended. We will affirm the judgment of the trial court insofar as it ruled that Reed's claims for conversion under general tort theory have prescribed.

Other exceptions
Based on its rulings on prescription, the trial court dismissed the defendants' remaining exceptions without prejudice. Because of our disposition above, we reverse this judgment of the trial court and remand for further proceedings.
Normally, where legal errors interdict the fact-finding process and the record is otherwise complete, an appellate court should then conduct a de novo review of the record in rendering its decision. Price v. Roy O. Martin Lumber Co., 04-0227, p. 11 (La.App. 1 Cir. 4/27/05), 915 So.2d 816, 824. Here, however, the record is incomplete since the trial court pretermitted ruling on the remaining exceptions. The defendants are entitled to trials on their exceptions of no right of action, improper venue, and vagueness. La. C.C.P. arts. 929-934. Because the trial court has not yet considered all of the exceptions, we decline consideration of the exception of no cause of action.

*589 DECREE
For the foregoing reasons, we affirm the trial court judgment in part wherein it rules that the general tort claims for conversion have prescribed. We reverse in part the judgment of the trial court wherein it rules that Reed's claims under La. R.S. 42:1461 and La. Const. Art. VII, § 14 have prescribed. We also reverse the portion of the judgment wherein the trial court dismisses the remaining exceptions filed by the defendants. We remand for further proceedings consistent with this opinion. Costs are assessed equally between appellants and appellees in the amount of $180.13 each.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GAIDRY, J., concurs.
NOTES
[1] La. R.S. 42:1461 provides in pertinent part as follows:

§ 1461. Public property; personal obligations of officials, employees, and custodians; actions; prescription
A. Officials, whether elected or appointed and whether compensated or not, and employees of any "public entity", which, for purposes of this Section shall mean and include any department, division, office, board, agency, commission, or other organizational unit of any of the three branches of state government or of any parish, municipality, school board or district, court of limited jurisdiction, or other political subdivision or district, or the office of any sheriff, district attorney, coroner, or clerk of court, by the act of accepting such office or employment assume a personal obligation not to misappropriate, misapply, convert, misuse, or otherwise wrongfully take any funds, property, or other thing of value belonging to or under the custody or control of the public entity in which they hold office or are employed.
. . . .
C. The breach of an obligation established under this Section gives rise to an action in favor of the public entity for the recovery of any such funds, property, or other things of value and for any other damages resulting from the breach. This action is prescribed by ten years, reckoning from the date on which the breach occurred. (Emphasis added.)
[2] La. Const. Art. VII, § 14 provides in pertinent part as follows:

Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private....
(B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; (2) contributions of public funds to pension and insurance programs for the benefit of public employees[.]
[3] La. Const. Art. VII, § 14 does not specifically state a prescriptive period. However, the ten-year prescriptive period found in La. C.C. art. 3499 applying to personal actions not otherwise provided by legislation pertains here.