STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-124


TOMMY MCCAIN

VERSUS

JOANNA CASSIDY


**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 83539, DIV. B
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Anna E. Dow**
**1434 North Burnside Avenue, Suite 14**
**Gonzales, LA 70737**
**(225) 644-1865**
**Counsel for Plaintiff/Appellant:**
**Tommy McCain**

**Fred L. Herman**
**Thomas J. Barbera**
**George W. Jackson, Jr.**
**1010 Common Street, Suite 3000**
**New Orleans, LA 70112**
**(504) 581-7070**
**Counsel for Defendant/Appellee:**
**Joanna Cassidy**

**Billy Lynn West, Jr.**
**P. O. Box 1033**
**Natchitoches, LA 71458-1033**
**(318) 352-7300**
**Counsel for Plaintiff/Appellant:**
**Tommy McCain**

**John C. Guillet**
**Corkern, Crews & Guillet**
**P. O. Box 1036**
**Natchitoches, LA 71458-1036**
**(318) 354-1377**
**Counsel for Defendant/Appellee:**
**Joanna Cassidy**

**EZELL, JUDGE**.

Tommy McCain appeals a trial court judgment which dismissed his lawsuit to annul a 2008 Natchitoches City Court judgment based on an exception of prescription filed by Joanna Cassidy. He also appeals the trial court's award of attorney fees in the amount of $2,500.00 to Ms. Cassidy.

## FACTS

The facts leading up to this dispute are found in the city court's reasons for judgment as follows:

> Mr. McCain performed painting services for Ms. Cassidy from approximately September of 2006 through December, 2006. During this time period, he would submit his bill weekly for his and the other painters, and Ms. Cassidy would pay the bill. Sometime around the end of 2006, Mr. McCain was let go by Ms. Cassidy.

> Beginning in March, 2007, Mr. McCain again began to do certain work at Ms. Cassidy's Natchitoches residence, both painting and acting as a pseudo contractor for the other trades. Here is where the dispute develops. Mr. McCain says he was to be paid for this work, but was withholding billing her until it was complete because Ms. Cassidy was running short of money to complete the renovation. Ms. Cassidy's version is that she and Mr. McCain had developed an intimate and personal relationship and his work was a reflection of that relationship and that he did not expect payment.

In ruling on the dispute, the trial court explained:

> The evidence shows that the nature of their relationship changed around March, 2007. This was evidenced by Mr. McCain not billing her weekly as he had done in the past. At some point in time, he moved into the defendant's home and used her vehicle when she was out of town. He had other jobs going on during this entire time period, and testified that he worked on Ms. Cassidy's home at night and weekend[s]. He still did not bill her until October 1, 2007, even after they split up in July, which gives the impression that it was an after thought [sic].

> Mr. McCain explains away his not billing her during the work by claiming she was short of funds. However, Mr. McCain's own evidence showed that she borrowed $100,000.00 in May of 2007, so certainly she had access to funds to pay him during the disputed period.

1

The evidence paints a picture of Mr. McCain doing the work from March to July, 2007 [sic] as result of their relationship, not as a result of getting paid for said work. Plaintiff did not bear his burden of proof, and therefore, the Court denies the relief he has prayed for and orders his petition to be dismissed, at his cost.

Following the city court ruling, a judgment was signed on July 15, 2008. There was no other action concerning the issue until Mr. McCain filed a petition in Natchitoches District Court on June 18, 2010. At that time, Mr. McCain sought to annul the city court judgment and sought payment of $9,292.50 for services rendered to Ms. Cassidy. In response, Ms. Cassidy filed an exception of prescription and a motion for attorney fees. A hearing on the exception was held on October 28, 2010.

The trial court granted Ms. Cassidy's exception of prescription and ordered the case dismissed. Attorney fees in the amount of $2,500.00 were also awarded to Ms. Cassidy. It is from this judgment that Mr. McCain appeals.

## PRESCRIPTION

When "evidence is introduced at the hearing on [a] peremptory exception of prescription, the [trial] court's findings of fact are reviewed under the manifest error-clearly wrong standard of review." *Carter v. Haygood*, 04-646, p. 9 (La. 1/19/05), 892 So.2d 1261, 1267. "If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.*

The city court's reasons for judgment, the judgment itself, and a portion of the transcript of the testimony from the city court case were introduced into evidence at the hearing on exception of prescription. The attorneys also presented argument to the court. Therefore, we must decide if the trial court was clearly wrong in its determination that Mr. McCain's action to nullify the city court judgment has prescribed.

2

## NULLITY

Louisiana Code of Civil Procedure Article 2002

Mr. McCain claims that the trial court erred in not finding that he was entitled to bring this nullity action pursuant to La.Code Civ.P. art. 2002(A)(3), contending that city court judgment is an illegal judgment. An action to annul a judgment under the provisions of Article 2002 can be brought at any time. La.Code Civ.P. art 2002(B).

The basis for Mr. McCain's nullity action is the city court's finding that there was an intimate relationship between he and Ms. Cassidy which was consideration for the work performed by him. Citing *Schwegmann v. Schwegmann*, 441 So.2d 316 (La.App. 5 Cir. 1983), *writ denied*, 443 So.2d 1122 (La.1984), *cert. denied*, 467 U.S. 1206, 104 S.Ct. 2389(1984). Mr. McCain claims that the city court's reasons indicate the existence of an unenforceable contract. It is Mr. McCain's position that the trial court found that this was a "sex for services" contract, although he denies that there was ever any such type of contract. Mr. McCain argues that since the city court judgment is based on an absolutely null contract, it is an absolutely null judgment which does not prescribe and may be attacked at any time citing *Bass v. LaPorte*, 95-867 (La.App. 1 Cir. 4/4/96), 672 So.2d 1121, *writ granted in part and judgment set aside on other grounds*, 96-1651 (La. 10/25/96), 681 So.2d 344.

As can be seen from the quoted reasons for judgment above, the city court did not find that there was a sexual relationship in exchange for work performed. The city court found that a personal relationship had developed between Mr. McCain and Ms. Cassidy. During this time, he worked on her house, never billing her as before. He did not submit a bill until some three months after the relationship ended. This is not a case of an illicit "sex for services" issue, and the city court did not find so.

3

In the presence of a gratuitous intent on the party of a party performing services, circumstances which would otherwise give rise to a quasi-contractual obligation to pay for the services rendered give rise merely to an imperfect obligation incapable of enforcement in a court of law. *Webb v. Webb*, 01-1577 (La.App. 1 Cir. 11/8/02), 835 So.2d 713, *writ denied*, 02-3001 (La. 3/14/03), 839 So.2d 37(citing *Martin v. Bozeman*, 173 So.2d 382 (La.App. 1 Cir. 1956). The city court simply found that the evidence established that Mr. McCain intended to perform his services for free during this time period and did not expect payment.

The judgment in the city court is not an absolute nullity. The trial court did not err in finding that Article 2002 is not applicable to this case.

Louisiana Code of Civil Procedure Article 2004

Mr. McCain also asserts that his claim was timely under the one-year peremptive period of La.Code Civ.P. art. 2004. Mr. McCain alleges that the city court judgment was based on fraud and ill practices. He claims that on June 9, 2010, he became aware of a pattern by Ms. Cassidy to claim an intimate and personal relationship as a defense against another alleged obligation.

An action for nullity is "not a substitute for an appeal from a judgment that might be erroneous due to insufficient evidence or a misinterpretation of substantive law but is a separate remedy designed to afford relief to a party against a judgment procured by methods viewed with disdain by the judiciary." *Andrus v. Chrysler Fin. Corp.*, 99-105, p. 7 (La.App. 3 Cir. 6/2/99), 741 So.2d 780, 784, *writ denied*, 99-1968 (La. 10/15/99), 748 So.2d 1150. The criteria used to determine whether a particular judgment has been obtained by fraud or ill practices are: "(1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be

4

unconscionable and inequitable." *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067, 1070 (La.1983). "Conduct which prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of his legal rights." *Id.*

Mr. McCain's assertion that Ms. Cassidy used the same defense in another lawsuit, indicating a pattern of behavior, is not an allegation amounting to fraud or ill practices. It is simply a defense to a claim filed in court and does nothing to prevent any party from having an opportunity to appear and challenge that defense to her claim.

We agree with the trial court that Mr. McCain's action for nullity of the July 15, 2008 city court judgment under Article 2004 was prescribed when he filed the petition for nullity on June 18, 2010.

**ATTORNEY FEES**

The trial court awarded Ms. Cassidy $2,500.00 in attorney fees. Mr. McCain claims that this was in error because there was no evidence introduced to support the award and the trial court gave no reason for awarding the sum of $2,500.00.

"The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds." La.Code Civ.P. art. 2004(C).

"Regardless of the language of the statutory authorization for an award of attorney fees or the method employed by the trial court in making an award of attorney fees, courts may inquire as to the reasonableness of attorney fees. . . ." *Rivet v. State, Dep't. of Transp. and Dev.*, 96-145, p. 11 (La. 9/5/96), 680 So.2d 1154, 1161. Factors to be considered include the ultimate result obtained; the responsibility incurred; the importance of litigation; the amount of money involved; the extent and character of the work performed; the legal knowledge, attainment, and skill of

5

attorneys; the number of appearances involved; the intricacies of facts involved; the diligence and skill of counsel; and the court's own knowledge. *Id*.

At the hearing on the matter, counsel for Ms. Cassidy stated that $2,500.00 was the amount of attorney fees Ms. Cassidy had incurred in the case. No argument was made disputing this amount. Furthermore, the record indicates that answers and exceptions were filed, in addition to memorandum supporting the exceptions. We find no error in the trial court's award of $2,500.00 in attorney fees.

Ms. Cassidy has requested an additional award of attorney fees for work performed on the appeal. When an appellee neither appeals nor answers the appeal, she is not entitled to additional attorney fees for legal services rendered on appeal. La.Code Civ.P. art. 2133; *Dugas v. Aaron Rents, Inc.*, 02-1276 (La.App. 3 Cir. 3/5/03), 839 So.2d 1205. Although Ms. Cassidy requested additional attorney fees in her brief, she is not entitled to additional attorney fees since she did not follow proper appellate procedure.

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Tommy McCain.

**AFFIRMED.**