# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-594

DR. JOE W. AGUILLARD

VERSUS

LOUISIANA COLLEGE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 261,386
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

**********

**D. KENT SAVOIE
JUDGE**

**********

Court composed of John D. Saunders, John E. Conery, and D. Kent Savoie, Judges.

**AFFIRMED AS AMENDED.**

**Billy R. Pesnell**
**J. Whitney Pesnell**
**The Pesnell Law Firm, A.P.L.C.**
**400 Travis Street, Ste 1100**
**Shreveport, LA 71101**
**(318) 226-5577**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Dr. Joe W. Aguillard**

**Charles S. Weems, III**
**Jonathan D. Stokes**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana College**

**SAVOIE, Judge.**

Plaintiff, Dr. Joe Aguillard (Aguillard), appeals the trial court's judgment awarding Louisiana College with attorney fees and costs in accordance with La.Code Civ.P. art. 2004. Louisiana College answers the appeal and seeks additional attorney fees and costs in connection with the appeal. For the following reasons, we amend the trial court's judgment to award an additional $5,000.00 in attorney fees to Louisiana College for work done on appeal and affirm the trial court's judgment as amended.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background of this case was previously set forth by this court in *Aguillard v. Louisiana College*, 18-946, p. 5 (La.App. 3 Cir. 5/1/19), 270 So.3d 781, 785, *writ denied*, 19-914 (La. 10/21/19), 280 So.3d 1171:

> Plaintiff/Appellant, Joe Aguillard (Aguillard), became the president of defendant/appellee, Louisiana College (Louisiana College) on January 18, 2005. Aguillard served in that capacity until April 15, 2014, when he became "president emeritus" of Louisiana College and a fully tenured member of the faculty at Louisiana College per written employment agreement.
>
> In March 2016, following notice, a due process hearing before a faculty committee of his peers, and an appeal to the Board of Trustees, Aguillard was fired as president emeritus and tenured professor. Aguillard filed suit alleging tort and contract issues against Louisiana College and others. Per their agreement, Aguillard and Louisiana College entered into arbitration. In October 2016, the arbitration panel dismissed, with prejudice, the breach of contract, wrongful termination, and detrimental reliance claims filed by Aguillard against Louisiana College. This arbitration award was confirmed by a consent judgment signed by both Aguillard and Louisiana College in September 2017. This confirmation judgment became a final judgment after all time limits for appeal or modification had run.
>
> In March 2018, Aguillard filed a petition to annul the judgment confirming the arbitration award under La.Code Civ.P. art. 2004 against Louisiana College. Aguillard's petition alleges that Louisiana College's failure to inform him of its acceptance of a $10,000,000.00 donation subject to the condition that he remain "President Emeritus"

1

of Louisiana College for at least five years was an ill practice because, at arbitration, Louisiana College claimed that Aguillard was employed at will versus his employment having a term. Aguillard contended that Louisiana College's acceptance of the donation served as a stipulation *pour autrui* that amended his employment contract to have a term. As such, Aguillard alleged that Louisiana College's ill practice was violating its continuing duty to disclose this information to him, the arbitration panel, and the court.

In response to Aguillard's nullity petition, Louisiana College filed an Answer, Exceptions, Affirmative Defenses, and Reconventional Demand on April 23, 2008. Therein, it sought reasonable attorney fees as contemplated by La.Code Civ.P. art. 2004 as an award to the prevailing party in a nullity action.

On July 9, 2018, the trial court granted Louisiana College's exception of res judicata in part and its exception of no cause of action, but it gave Aguillard time to amend his nullity petition. He did so on July 10, 2018, and Louisiana College re-urged its exceptions. On August 20, 2018, the trial court granted Louisiana College's exceptions of no cause of action and res judicata and dismissed Aguillard's claims. Aguillard appealed, and this court affirmed on May 1, 2019, stating:

> In response [to Aguillard's nullity action], Louisiana College pointed out that Aguillard was fired for cause. Accordingly, whether his contract had a term is not relevant, and "[a]rticle 2004 dictates that a judgment will not be annulled on account of fraud or ill practice in the course of a legal proceeding if the fraud or ill practice pertained to a matter irrelevant to the basis of the decision.". . . .

> Moreover, Louisiana College states that even if Aguillard's amended petition was taken as true, the ill practice alleged related to the arbitration proceeding and its award. As such, Louisiana College, citing *Napolitano v. Gill*, 12-206 (La. 5/4/12), 88 So.3d 446, filed exceptions of no cause of action and res judicata based on the untimeliness of Aguillard's initial petition to annul and the fact that Aguillard's allegations relate to the arbitration award, not the confirmation judgment.

> . . . .

2

Here, Aguillard's petition to annul was filed on March 19, 2018. The arbitrator's award was filed or delivered on October 6, 2017. Thus, as was the case in *Napolitano*, Aguillard's petition to annul was filed more than three months after the arbitrator's award was delivered. As such, according to *Napolitano*, Aguillard's remedy is limited to an action for nullity of the trial court's judgment. Nothing in Aguillard's amended petition alleges fraud or ill practices in connection with the trial court's judgment confirming the arbitrator's findings. Therefore, like in *Napolitano*, Louisiana College's exception of no cause of action was properly granted by the trial court and must be upheld by this court.

*Aguillard,* 270 So.3d at 785. The Louisiana Supreme Court then denied Aguillard's application for supervisory writs on October 21, 2019.

On March 9, 2020, Louisiana College filed a Motion for Attorney Fees and Costs Pursuant to La.Code Civ.P. art. 2004 in the nullity proceeding pending in the trial court. A hearing was held on July 13, 2020. The trial court thereafter rendered judgment on August 4, 2020, in favor of Louisiana College in the amount of $66,829.36, which included $65,344.90 in attorney fees and $1,484.46 in costs.

Aguillard appeals. On appeal, he asserts the following as assignments of error:

1. The trial court erred as a matter of law when it entertained, considered, and granted [Louisiana College]'s motion for an award of attorney's fees under Art. 2004(c) of the Louisiana Code of Civil Procedure in this proceeding.

2. The Trial Court's award of Sixty-Six Thousand Eight Hundred Twenty-Nine And 36/100 Dollars ($66,829.36) in attorney's fees and costs to LC in this proceeding was and is excessive and unreasonable and arbitrary, capricious, and an abuse of its discretion.

In connection with his two asserted assignments of error, Aguillard also presents separate "issues" for our consideration including: whether the trial court erred in refusing to "give effect to Aguillard's defense of *res judicata*[;]" whether Louisiana College was entitled to attorney fees in accordance with La.Code Civ.P.

art. 2004; whether the trial court's conclusions that Aguillard misrepresented certain facts were erroneous, arbitrary, capricious, and an abuse if its discretion; whether the trial court erred in basing its award, "at least in part, upon the other claims and proceedings which had been and were being asserted by Aguillard and [Louisiana College] against each other[;]" and whether the trial court's award was "grossly excessive and unreasonable, and therefore arbitrary, capricious, and an abuse of its discretion."

In response, Louisiana College answered the appeal and asks this court to modify the trial court's award to include reasonable attorney fees and costs it incurred in connection with this appeal.

## ANALYSIS

*Res Judicata*:

Aguillard argues on appeal that the doctrine of res judicata should have precluded Louisiana College from moving forward with its claim for attorney fees after the trial court's dismissal of Aguillard's nullity action became final and non-appealable. He argues that while Louisiana College asserted a claim for attorney fees in its reconventional demand, the claim was extinguished because it failed to pursue a ruling on the merits of that claim prior to the dismissal of Aguillard's nullity action.

In response, Louisiana College argues that the trial court's judgment dismissing Aguillard's nullity action does not bar Louisiana College's attorney fees claim because the claim was asserted as a reconventional demand prior to the trial court's dismissal of Aguillard's claim, and because the trial court's dismissal did not dispose of, or otherwise address, Louisiana College's pending attorney fees claim. Therefore, according to Louisiana College, the trial court was left with

4

continuing jurisdiction over its pending attorney fees claim following its partial final judgment sustaining Louisiana College's exceptions and dismissing Aguillard's nullity action.

"The res judicata effect of a prior a judgment is a question of law that is reviewed de novo[;]" however, the trial court's factual findings are reviewed for manifest error. *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210, p. 2 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, 1059, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995 (quoting *Morales v. Par. of Jefferson*, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d 669, 672).

Louisiana Revised Statutes 13:4231, which is entitled "Res judicata," states as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Similarly, La.Code Civ.P. art. 425(A) states, "A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." Louisiana Code of Civil Procedure article 1061(B) further requires that "The defendant in the principal action . . . shall assert in a reconventional

5

demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action."

In the instant case, Louisiana College, as a defendant in Augillard's principal demand (the nullity action), asserted a reconventional demand in compliance with La.Code Civ.P. art. 1061(B) wherein it sought attorney fees under La.Code Civ.P. art. 2004 and costs. Moreover, Louisiana College's reconventional demand was filed prior to the trial court's consideration of its exceptions and dismissal of Aguillard's nullity action, and there is no indication that the trial court considered Louisiana College's claim for attorney fees in connection with its dismissal of Aguillard's nullity action.

Louisiana Code of Civil Procedure articles 1915 and 1038 expressly permit a trial court to consider and render a final judgment on a plaintiff's principal demand without simultaneously considering and rendering judgment on a defendant's reconventional demand. Louisiana Code of Civil Procedure article 1915 states:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
>
> . . . .
>
> (4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

Louisiana Code of Civil Procedure article 1038 states:

> The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.
>
> When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the

6

judgment on the action first tried until the signing of the judgment on the other.

Accordingly, we conclude that Louisiana College was not required to ask the trial court to consider the merits of its pending reconventional demand for attorney fees in connection with consideration of its exceptions seeking the dismissal of Aguillard's principal demand, and its reconventional demand was not extinguished by the finality of the judgment dismissing Aguillard's principal demand. *See Eckstein v. Becnel*, 19-720 (La.App. 4 Cir. 6/3/20), 302 So.3d 67, wherein the court concluded that a judgment that did not conclusively adjudicate a pending claim for attorney fees was not res judicata as to a subsequent motion by the prevailing party seeking attorney fees. We therefore reject Aguillard's argument that the doctrine of res judicata precluded the trial court from considering the merits of Louisiana College's attorney fees claim after the dismissal of his principal demand became final.

*Entitlement to Attorney Fees*

Aguillard also argues on appeal that there were insufficient grounds upon which to render an award of attorney fees under La.Code. Civ.P. art. 2004, which states:

> A. A final judgment obtained by fraud or ill practices may be annulled.
> . . . .
>
> C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

Aguillard suggests that, while Louisiana College was the prevailing party in connection with its nullity action, an award of attorney fees under La.Code Civ.P. art. 2004 "is only appropriate when a plaintiff's suit is ***meritless*** -- i.e. when it is

7

frivolous; when it is filed or prosecuted in bad faith, or when it is based on misrepresentations of fact/or misconduct." (emphasis theirs).

In support of his argument, Aguillard notes comment (b) to La.Code Civ.P. art. 2004, which states that when a defendant is "forced to re-litigate the validity of a prior judgment in response to a meritless nullity action alleging fraud or an ill practice, an award of attorney fees may also be considered." He then suggests that his nullity action was not "meritless" because there was no finding that it was frivolous or asserted in bad faith, and because two supreme court justices dissented in connection with the supreme court's denial of his writ application. Aguillard also argues that the trial court's findings that he misrepresented certain facts upon which he based his nullity action were erroneous and not supported by the record. Specifically, the trial court concluded in its written reasons for ruling that Aguillard misrepresented facts when he alleged that Louisiana College had adopted a resolution that approved a donation and restriction, and when he alleged that he did not learn that his position as President Emeritus had been terminated by Louisiana College until after the arbitration proceeding had begun.

In response, Louisiana College argues that the only requirement for it to be entitled to an award of reasonable attorney fees under La.Code. Civ.P. art. 2004 was for it to be the prevailing party in Aguillard's nullity action, which it was.

We find no merit in Aguillard's suggestion that reasonable attorney fees may only be awarded to a prevailing defendant in an action under La.Code Civ.P. art. 2004 when there is a finding that the plaintiff's nullity action was frivolous, filed in bad faith, and/or misrepresented relevant facts. In concluding that Louisiana College was entitled to an award of reasonable attorney fees, the trial court stated that it considered the merits of the claim, Aguillard's credibility, and the effort

8

Louisiana College expended in defending the nullity action. Since Louisiana College was the prevailing defendant in Aguillard's nullity action, we find no abuse of the discretion on the part of the trial court in finding that Louisiana College was entitled to reasonable attorney fees in accordance with La.Code Civ.P. art. 2004.

*Reasonableness of the Attorney Fee Award*

On appeal, Aguillard also challenges the reasonableness of the attorney fees awarded by the trial court. As this court recognized in *McCain v. Cassidy*, 11-124, pp. 5-6 (La.App. 3 Cir. 6/8/11), 68 So.3d 631, 635

> "Regardless of the language of the statutory authorization for an award of attorney fees or the method employed by the trial court in making an award of attorney fees, courts may inquire as to the reasonableness of attorney fees...." *Rivet v. State, Dep't. of Transp. and Dev.*, 96-145, p. 11 (La. 9/5/96), 680 So.2d 1154, 1161. Factors to be considered include the ultimate result obtained; the responsibility incurred; the importance of litigation; the amount of money involved; the extent and character of the work performed; the legal knowledge, attainment, and skill of attorneys; the number of appearances involved; the intricacies of facts involved; the diligence and skill of counsel; and the court's own knowledge. *Id.*

"The amount awarded in attorney's fees is left to the sound discretion of the trial judge and should not be disturbed on appeal absent a showing of abuse of discretion." *Miller v. Ecung*, 96-267, p. 3 (La.App. 3 Cir. 6/5/96), 676 So.2d 656, 658.

At the hearing on Louisiana College's Motion for Attorney Fees, Louisiana College submitted into evidence, without objection, affidavits of its counsel and attached invoices documenting the attorney fees it incurred. This included the affidavit of attorney Charles S. Weems, III, who has over fifty years of legal experience and is the senior member of his firm, as well as the affidavit of attorney Jonathan D. Stokes, who has over nine years of legal experience. According to the

affidavits, a total of 307.5 hours was spent by counsel defending Aguillard's nullity action, with Mr. Weems charging $395.00 per hour for legal work he performed, and Mr. Stokes charging $250.00 per hour.

Mr. Weems's affidavit states that he was the attorney responsible for the billing Louisiana College incurred, that the billing statements attached to his affidavit reflected the legal work associated with defending the nullity action, and that the 307.5 hours of legal work his firm spent on this case involved:

> among other things, researching and analyzing the claims of Aguillard in the suit, investigating the facts alleged in the same, identifying relevant defenses, preparing pleadings, discovery, memoranda, and other documents related to defending against Aguillard's claims in the Suit, appearing at multiple hearings, researching and analyzing the arguments made by Aguillard on appeal . . . and on his writ application. . . , reviewing the record on appeal, and preparing briefs in defense of Aguillard's appeal and writ application.

Mr. Weems's affidavit further states:

> 9.   The annexed statements did have entries for work done by Gold Weems attorneys on other Aguillard cases which were erroneously billed to this file. . . . The total professional fees earned and shown on Exs. 4-1 through 4-17 was $75,678.25. After deducting $10,333.35 in non-attorney professional work, amounts for attorney work unrelated to the defense of this Suit, and amounts otherwise for which LC [Louisiana College] is not seeking reimbursement, Louisiana College was billed and paid $65,344.90 in attorney fees directly associated with the Suit for which the College is seeking reimbursement.

> 10.  The legal work performed in defending against Aguillard's Suit was unusually complex in that it involved addressing the substantive and procedural issues raised by a claim for nullity, identifying and preparing defenses related to exceptions of no cause of action and res judicata, and re-litigating at least some of the facts involved in the original LC dismissal hearing of Aguillard, the underlying arbitration, and the proceeding to confirm the arbitration award.

> 11.  Essentially, defending against Aguillard's Suit involved litigating (or re-litigating) five (5) proceedings in one[.]

10

12. Accordingly, defending Aguillard's Suit involved substantial time and attention by Gold Weems attorneys.

. . . .

16. My billing rate for this case is $395.00 per hour, and this is my customary and standard rate.

17. Based upon experience, skill, recognitions, and credentials, the hourly rates of myself and Jonathan D. Stokes are in line with the prevailing market rates for attorneys of comparable experience, skill, and training in Central Louisiana.

Similarly, Mr. Stokes's affidavit states that the billing statements submitted accurately reflect the legal work he performed for Louisiana College in connection with defending Aguillard's nullity action, and that his work included legal research and analysis, preparing pleadings, discovery, and other legal documents, appearing at hearings, and work done in connection with Aguillard's appeal and writ application pertaining to the trial court's dismissal of his nullity action.

In awarding Louisiana College with the total amount of attorney fees it incurred, as reflected by Mr. Weems's and Mr. Stokes's affidavits and attached billing statements, the trial court stated the following in its written reasons for ruling:

Aguillard asserted three (3) reasons as the basis for his request to annul the confirmation judgment. First, he stated LC[1] accepted a donation from an anonymous donor and agreed to keep Aguillard as President Emeritus for five (5) years. LC adopted a resolution to that effect and failed to provide a copy of that resolution to the panel during the arbitration. Second, Aguillard asserted he did not know the LC board of Trustees passed a motion and resolution removing him as President Emeritus on April 12, 2016, and did not discover it until **after** the Arbitration Panel issued an award. These two (2) acts by LC constituted fraud and or ill practice. Third, Aguillard asserted factual and legal errors were committed by the Arbitration Panel. However, there was no allegation that any factual or legal error constituted "fraud or ill practice."

---

[1] The trial court referred to Louisiana College as "LC".

11

> Aguillard's position was not supported by the law and/or evidence. . . . .
>
> . . . .
>
> The Court determined whether LC was entitled to an award of attorney fees. The Court considered Aguillard's credibility, the merits of the nullity claim, and the effort LC expended defending the nullity action.
>
> . . . .
>
> There have been multiple proceedings between these parties. . . . LC obtained a favorable judgment. . . . Aguillard filed a Petition to Annul which requires matters that had been litigated in the civil suit and arbitration proceeding to be re-litigated. LC was forced to defend claims of fraud and ill practice asserted in the Petition to Annul. LC's seasoned attorneys spent numerous hours defending this suit. The rates charged were customary in Central Louisiana based on their experience and skill. Based on the foregoing, the attorney fees ordered by the Court are reasonable.

Aguillard's focal argument on appeal concerning the reasonableness (or lack thereof) of the trial court's attorney fees award is that Louisiana College was awarded attorney fees incurred in connection with other proceedings. In support of his argument, Aguillard directs this court to certain statements made by the trial court in its written reasons for ruling and/or otherwise on the record that pertain to the lengthy litigation history between the parties. Aguillard also suggests that the trial court's award was unreasonable because there was no discovery, depositions, evidentiary hearings, pre-trial proceedings, or trial in this matter.

We note that the attorney affidavits submitted by Louisiana College make clear that attorney fees pertaining to other matters erroneously included in the billing statements prepared for the nullity action were removed from the calculation of attorney fees Louisiana College sought and was ultimately awarded. Therefore, we find no evidence in the record supporting Aguillard's argument that

Louisiana College was awarded attorney fees that were not incurred in connection with the defense of his nullity action.

Moreover, the attorney affidavits and attached billing statements set forth in detail all legal work done by counsel in defending Aguillard's action. Aguillard did not object to the submission of these affidavits at the evidentiary hearing, he did not present any contrary evidence, and he did not otherwise cross-examine either of the attorney affiants regarding the legal work performed for and billed to Louisiana College in connection with the nullity action. Therefore, we find no abuse of discretion on the part of the trial court in its award of attorney fees, which is in the amount actually incurred by Louisiana College as established by the evidence in the record.

In its answer to Aguillard's appeal, Louisiana College asks us to modify the trial court's judgment to include an award for attorney fees it incurred on appeal. "Generally, when an award of attorney's fees is granted at the trial level, additional attorney's fees are proper for work done on appeal." *Wilczewski v. Brookshire Grocery Store*, 08-718, p. 18 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, 1226, *writ denied*, 09-456 (La. 4/13/09), 5 So.3d 170. *See also, Grand Pointe Homeowners Association, Inc. v. Heymann,* 20-36 (La.App. 3 Cir. 11/12/20), 307 So.2d 285. Therefore, we amend the award of attorney fees to add the sum of $5,000.00 for work done by its attorneys on appeal.

## DECREE

For the reasons stated above, we amend the trial court's judgment to include an additional attorney fee award in favor of Louisiana College for $5,000.00, and we affirm the trial court's judgment as amended. Costs of this appeal are assigned to Appellant, Dr. Joe. Aguillard.

13

**AFFIRMED AS AMENDED.**